UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE M. DEDEIAN, | ) |
| Plaintiff, | ) No. CV-07-0232-CI |
| v. | ) ORDER DENYING PLAINTIFF'S<br>) MOTION FOR SUMMARY JUDGMENT<br>) AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | ) MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 15.) Attorney Rebecca M. Coufal represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for the Defendant.

**JURISDICTION**

On January 28, 2004, Plaintiff Steve Dedeian (Plaintiff) protectively filed for disability insurance benefits (DIB). (Tr. 298.) Upon initial application, Plaintiff alleged disability due to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

degenerative disc disease, hearing loss, high blood pressure, cholesterol and chronic obstructive pulmonary disease (COPD), with an alleged onset date of September 1, 1997. (Tr. 308, 313.) The alleged onset date was amended to May 20, 2000. (Tr. 16.) Benefits were denied initially and on reconsideration. (Tr. 273, 277.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on July 25, 2006. (Tr. 591.) Plaintiff, who was present and represented by counsel, and vocational expert (VE) Tom Moreland testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 16-24; 7-9.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 54 years old and had a high-school education. (Tr. 598.) He was divorced with no children and lived alone. He reported he had past work experience as a welder and health technician, and received veterans' pension benefits. (Tr. 581.) He stated he had no problems reading, writing or doing math. (Tr. 599.) He testified he stopped working due to a back injury while he was welding, after which his physician would not release him to his work as a welder. Attempts to go back to work were unsuccessful because he could not keep up with the work pace. (Tr. 600-01.) At the hearing, he testified he also had shortness of breath, but it would not keep him from working a normal day. (Tr. 601-02.) He stated his depression was gone and his main problem was with his back pain. (Tr. 602.) He reported he did not take pain medication, because "they mask the problem." (Tr. 605.) He testified he lived in a house and took care of his cleaning, cooking, dish-washing, occasional laundry, shopping and driving, and sometimes hired a person to help him with yard work. (Tr. 603, 605.) He testified he could lift 100 pounds one time, but was limited to 15-20 pounds repetitively with his right hand, and 5-10 pounds with his left

hand. (Tr. 606.) He stated he had problems lifting with his left hand, but he was ambidextrous. (Tr. 608.) He reported he could sit about 20 minutes before having to get up, stand 10 to 20 minutes in line, and walk for a block. (Tr. 607.) On examination by his attorney, Plaintiff stated he could drive for 40 minutes without stopping, but had to rest after driving. (Tr. 610.) He testified he climbed seven flights of stairs to get to the hearing, but had some trouble with the left side of his body on stairs. (Tr. 607.) He also indicated he had some problems with his right fingers locking and stiffness in his hands. (Tr. 613.)

## ADMINISTRATIVE DECISION

ALJ Say found Plaintiff had filed a prior disability claim in 1998, and benefits were denied on May 19, 2000. Because a claimant is presumed capable of substantial gainful activity for the period in which benefits were denied in prior disability proceedings, the ALJ amended the alleged onset date to May 20, 2000. (Tr. 16, 595.) He found Plaintiff met the insured status requirements for DIB through March 31, 2003, and held Plaintiff "must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits." (Tr. 17.) Therefore, the period of disability at issue was determined to be from May 20, 2000, through March 31, 2003. (Tr. 17.) At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of May 20, 2000. (*Id.*) At steps two and three, he found Plaintiff had the severe impairment of "degenerative disk disease cervical spine, chronic obstructive pulmonary disease, and hearing loss," but these impairments alone or in combination did not meet or

equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings) through the date of last insured. (Tr. 18, 19.)

The ALJ found Plaintiff's testimony concerning the "limiting effects" of his symptoms was "not entirely credible," citing reports in the medical records that Plaintiff was able to jog, lift weights and engage in activities that were not consistent with his subjective complaints at the hearing. (Tr. 21.) At step four, he determined Plaintiff had the residual functional capacity (RFC) to perform light work, with certain restrictions:

> The claimant can lift 20 pounds occasionally and frequently lift or carry 10 pounds. The claimant can sit for two hours and stand or walk for six hours in an eight-hour workday. However, the claimant must change positions occasionally to relieve pain or discomfort. The claimant is also capable of performing sedentary work. Due to degenerative disk disease, the claimant can occasionally stoop, crouch, crawl, kneel, balance and climb ramps or stairs. However, the claimant should never climb ropes, ladders or scaffolds. Because of the claimant's symptoms of chronic obstructive pulmonary disease, the claimant should avoid dust, fumes, odors, and gases. The claimant would be able to remain attentive and responsive in a work setting and would be able to carry out normal work tasks.

(Tr. 20.)

At step four and five, the ALJ determined Plaintiff could not perform his past relevant work, but other jobs exist that Plaintiff could perform. (Tr. 24.) Based on VE testimony, he found Plaintiff was capable of performing work as an electronic assembler, cleaner (housekeeping), and cashier, and a significant number of these jobs was available in the national economy. (Tr. 23.) Therefore, it was determined that Plaintiff was not "disabled" as defined in the Social Security Act at any time through the date of the ALJ decision. (*Id.*)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, in his supporting memorandum, Plaintiff challenges the ALJ's credibility determination. (Ct. Rec. 13 at 7, 14.)  It also appears Plaintiff argues the ALJ improperly assessed limitations caused by pain in the RFC determination.  (Tr. 12.)

**DISCUSSION**

**A.   Credibility**

Plaintiff argues the ALJ failed to give "specific, clear and convincing reasons" for finding him "less than credible," and asserts that if his testimony is credited, remand is required  (Ct. Rec. 13 at 14.)  When an ALJ finds the claimant's testimony as to the severity of pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony.  *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

While the ALJ cannot disregard a claimant's subjective complaints regarding the severity of his or her symptoms solely because there is a lack of objective medical evidence to support the testimony, there must be some objective medical evidence of an impairment for the time at issue.  However, the lack of objective medical evidence is just one factor considered by the Commissioner. *Bunnell*, 947 F.2d at 346.  In addition to the "ordinary techniques of credibility evaluation," the following factors may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies

in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Id.*; *Thomas*, 278 F.3d at 958.

Once there is evidence of a medically determinable impairment likely to cause an alleged symptom, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Bunnell*, 947 F.2d at 346. In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

Here, there is no evidence of malingering; thus the ALJ's credibility determination must be supported by "clear and convincing" reasons. ALJ Say found there was medical evidence of impairments that could reasonably cause, to some degree, the symptoms alleged. He then made extensive findings explaining his finding that Plaintiff's statements regarding the severity of claimed limitations were not entirely credible. (Tr. 20-22.) In addition to detailing specific medical evidence that did not support the severity of Plaintiff's complaints, the ALJ cited other specific factors for discounting the identified testimony.

Regarding symptoms from degenerative disk disease (DDD), in explaining his credibility determination, the ALJ properly found

there were no records to indicate Plaintiff received treatment for his back problem other than anti-inflammatory medicine. (Tr. 20.) The ALJ explained that Plaintiff testified he did not take pain-killers because they "mask the problem." (Tr. 20.) The ALJ reasonably found Plaintiff's statements that he could climb seven flights of stairs, and reports that he was jogging and lifting weights, were contrary to Plaintiff's allegations that the pain was so severe as to prevent him from doing all work. (Tr. 21.) In his decision, the ALJ also referenced Plaintiff's testimony that he could lift 100 pounds with one large effort, and could frequently lift five to ten pounds with his left arm and 15 to 20 pounds with his right arm. (Tr. 20, 606-07.) In addition, the ALJ noted Plaintiff, who lived alone in a two story house, was able to attend to all his activities of daily living, including taking care of his house and yard, with occasional help mowing the lawn. (Tr. 20, 582, 603, 605.) These are adequately specific, "clear and convincing" reasons for discounting a claimant's subjective complaints.

Other evidence inconsistent with disability noted by the ALJ were reports by medical providers that Plaintiff was able to jog and lift weights for exercise, exertional abilities that would also support the ability for repetitive lifting and walking. (Tr. 21.) The record in its entirety fully supports the ALJ's specific findings. (Tr. 529, 530, 531, 581.) For example, according to medical records, Plaintiff was running a mile a day and reported no complaints of back pain. (Tr. 467, 468, 470.) In addition to Dr. Price's comments, Plaintiff's psychiatrist, Dr. William Brown, noted Plaintiff's inconsistencies, exaggerations, and "truth telling issues." (Tr. 524, 559-60.) In August-September 2003, Plaintiff

was being treated for throat pain, not back pain, and reported his pain affected his lifestyle "occasionally." (Tr. 465, 471.) In December 2003, he reported he was feeling "terrific" after he quit smoking and was more physically active. He told his treatment provider he was running for exercise. (Tr. 467, 469.) In July 2006, he testified that he was "incapacitated" by pain (Tr. 603). In January 2006, he had reported to his respiratory therapist that he was jogging and lifting weights. (Tr. 533.) The ALJ properly found the cited reports from treatment providers were not consistent with Plaintiff's allegations of total disability. (Tr. 21.)

Regarding Plaintiff's hearing impairment, the ALJ discounted the degree of limitation alleged, noting that Plaintiff declined to use a hearing aid as recommended to address his moderate to severe bilateral hearing loss. Failure to follow medical recommendations is a sufficient reason to reject credibility where, as here, there is no legitimate explanation for lack of follow-through. *Lingenfelter,* 504 F.3d at 1040. Although Plaintiff stated a hearing aid did not help, as noted by the ALJ, there is no objective evidence that he tried, and the device failed to improve his hearing. (Tr. 21.) The ALJ reasoned there were no objective reports[1] in the record of problems caused by hearing loss and found that, on examination, Dr. Price reported Plaintiff was able to hear him in normal conversation without a hearing device. (Tr. 21, 411, 583.) These are legally sufficient reasons for discounting

---

[1] As noted by counsel for Defendant, the ALJ apparently inadvertently interchanged the terms "subjective" and "objective" in this portion of his decision. (Tr. 21.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Plaintiff's complaints of a disabling hearing loss. *Thomas*, 278 F.3d at 958. *See also*, *Hoopai v. Astrue*, 499 F.23d 1071, 1076 (9th Cir. 2007)(finding at step two of a severe impairment is not dispositive of a limitation sufficiently severe to preclude ability to work).

Regarding Plaintiff's COPD symptoms, the record supports the ALJ's finding that Plaintiff testified his shortness of breath would not prevent him from working a normal day. (Tr. 22, 602.) The ALJ also noted Plaintiff was informed he did not qualify for supplemental oxygen in January 2006, and received no treatment thereafter, findings supported by the record.[2] (Tr. 22, 526, 533.) The ALJ did not err in excluding shortness of breath or pain caused by the COPD in his final determination.

The ALJ gave specific, "clear and convincing" reasons for his credibility determination that are amply supported by the record in its entirety.

**B.    RFC Findings**

Although he does not argue specifically the issue of RFC in his Motion for Summary Judgment, Plaintiff appears to incorporate in his Motion for Summary Judgment an issue raised at the Appeals Council. (Ct. Rec. 13 at 8.) Specifically, in her January 2007, letter to the Appeals Council, Plaintiff's counsel argues the ALJ did not

---

[2] The court notes in passing the record reflects that the technician assisting Plaintiff with the COPD treatment in 2006, reported Plaintiff requested a bottle of oxygen to give an appearance of disability in anticipation of his Social Security meeting. (Tr. 534.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

consider Plaintiff's impairments in combination with attendant pain. (Tr. 12.) She also appears to argue that the ALJ should have taken medical expert testimony to assess "what pain could be expected from the DDD based on the MRI." (Ct. Rec. 13 at 9.) This argument is without merit. Plaintiff offers no legal support for the assertion that a medical expert opinion is needed to assess limitation caused by pain. Where, as here, the ALJ found that the medically determinable impairments could reasonably cause alleged symptoms, and the medical evidence in the file supports the ALJ's findings, there is no requirement that the ALJ consult a medical expert. 20 C.F.R. § 404.1527(f)(2)(iii).

The ALJ properly considered Plaintiff's subjective pain complaints and exertional limitations caused by DDD, properly discounted the severity alleged, and incorporated a restriction the "claimant must change position occasionally to relieve pain or discomfort." (Tr. 20.) As discussed above, Plaintiff admitted at the hearing that his COPD did not prevent him from working. Nonetheless, the ALJ's final RFC determination considered COPD symptoms with the following limitations: "Because of claimant's symptoms of chronic obstructive pulmonary disease, the claimant should avoid dust, fumes, odors and gases." (*Id.*)

The VE testified that an individual with limitations included in the ALJ's hypothetical could not perform medium work but retained the abilities to perform light exertion jobs such as electronic assembler, cashier, and cleaner/housecleaner. (Tr. 618-19.) Because the hypothetical propounded to the VE by the ALJ included all credible limitations supported by the record, the VE's testimony is substantial evidence at step five. *Embrey v. Bowen*, 849 F.2d

418, 422-23 (9th Cir. 1988). The ALJ also asked if there were sedentary jobs available that the hypothetical individual could perform.[3] (Tr. 619.) The VE identified a significant number of sedentary jobs (cashier and assembly work), and properly explained why his opinion regarding the cashier job differed in exertion level from the DICTIONARY OF OCCUPATIONAL TITLES (DOT) definition, as required by *Social Security Ruling* (*SSR*) 00-4p.[4] (Tr. 620.) Consistent with DOT, assembly jobs were classified as sedentary. (Tr. 621.)

It is well settled that the issues of credibility and residual functional capacity are issues reserved solely to the Commissioner. *Edlund*, 253 F.3d at 1156. Because substantial evidence supports the ALJ's RFC findings and final determination, and the ALJ properly rejected subjective complaints unsupported by the record, further development of the record is not necessary. *See, Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005); *Sprague*, 812 F.2d at 1229.

---

[3] Plaintiff was found able to perform sedentary work in 2000 (Tr. 34); however, substantial evidence relating to the period of disability claimed in the instant case, including the medical opinion of examining physician, Fred Price, D.O., supports the ALJ's finding that Plaintiff was capable of light work. (Tr. 21, 484.)

[4] The VE testified that DOT classified the cashier 2 job as "light duty" work, while recent governmental documents listed 500,000 national jobs and 20,000 regional cashier jobs classified as "sedentary" work. (Tr. 620.). The VE's testimony provided a "reasonable explanation" for occupational information about cashier jobs that deviated somewhat from DOT information. *SSR* 00-4p.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

The ALJ's final determination that Plaintiff was not disabled during the relevant period is supported by substantial evidence and free of legal error. Accordingly,

`**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12 )** is **DENIED.**

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15 )** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Defendant** and the file shall be **CLOSED.**

DATED April 7, 2008.

            S/ CYNTHIA IMBROGNO
      UNITED STATES MAGISTRATE JUDGE